UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>MONTEREY COUNTY SUPERIOR COURT,<br><br>    Respondent. | Case No. 16-cv-03944-DMR (PR)<br><br>**ORDER OF DISMISSAL; AND DENYING CERTIFICATE OF APPEALABILITY** |

## I.  INTRODUCTION

Petitioner, a state prisoner, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*.

This action has been assigned to the undersigned magistrate judge. On July 25, 2016, Petitioner consented to magistrate judge jurisdiction in this matter. Dkt. 4.

Pursuant to 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in a case, including entry of judgment.[1] Appeal will be directly to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 636(c)(3).

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the petitioner has consented but the respondent has not been served, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *cf. Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

In the instant action, Petitioner challenges a state court's vexatious-litigant order and claims that "such [an] order [was] being relied upon in 'Superior Court [of] California, County of Monterey, Case No. M82457, *Brown vs. M. S. Evans, et al.*'" Dkt. 1 at 10.  Petitioner claims that he "submitted his request to file new litigation and [a] "Request to Vacate Pre-filing Order," [] which was denied." *Id.*  Petitioner then submitted a "Notice of Appeal," which he claims was "rejected based upon the grounds that [he] needed to seek the Court of Appeal to grant [his] request to file new litigation." *Id.*  Petitioner claims he "submitted a[] 'Writ of Mandate with the Court of Appeal' in accordance with statute," but such a request was denied.  *Id.*

## II. DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A federal court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

Here, it is clear from the petition that Petitioner is not entitled to habeas relief, and therefore it is DISMISSED.  First, Petitioner does not seek to vacate his conviction or otherwise be released from custody.  Federal "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003); *see Blair v. Martel*, 645 F.3d 1151, 1157-58 (9th Cir. 2011) ("a request for an order directing a state court to hasten its consideration of an appeal belongs in a section 1983 complaint, not a habeas petition" because such claim does not necessarily spell speedier release).  Because Petitioner's claims, even if successful, would not hasten his release from custody, they must be brought in section 1983 action, not in a federal habeas petition.

However, even in a section 1983 action, Petitioner's claims challenging the state court's decisions are not cognizable.  Lower federal courts are without subject matter jurisdiction to

review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). The *Rooker-Feldman* doctrine essentially bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). Thus, to the extent that Petitioner seeks to challenge the state court's vexatious-litigant order in a section 1983 action, such a claim is not cognizable and would be dismissed. Therefore, because Petitioner's claim appears to challenge a state court's decision, this court does not have jurisdiction to review such a claim even if it is brought in a section 1983 complaint.

## III. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED.

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's ruling debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

Leave to proceed *in forma pauperis* is GRANTED. Dkt. 6. The Clerk of the Court shall enter judgment, terminate as moot any pending motions including Petitioner's "Motion and Request to Submit Supplemental Argument" (dkt. 10), and close the file.

This Order terminates Docket Nos. 6 and 10.

IT IS SO ORDERED.

Dated: October 24, 2016

DONNA M. RYU
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM BROWN,

    Plaintiff,

  v.

SUPERIOR COURT, MONTEREY,

    Defendant.

Case No.  4:16-cv-03944-DMR

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 24, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William Brown ID: AS-7822
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127

Dated: October 24, 2016

    Susan Y. Soong
    Clerk, United States District Court

By:_____
Ivy Lerma Garcia, Deputy Clerk to the
Honorable DONNA M. RYU

4